**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                          No. 96-4630

WILLIAM BOYDEN,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Claude M. Hilton, District Judge.
(CR-96-192-A)

Submitted: July 22, 1997

Decided: August 25, 1997

Before NIEMEYER, LUTTIG, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Dale W. Dover, Alexandria, Virginia, for Appellant. Helen F. Fahey,
United States Attorney, Robert J. Groner, Special Assistant United
States Attorney, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

William Wayne Boyden was convicted following a jury trial of operating a motor vehicle while an habitual offender and after being previously adjudicated as an habitual offender in violation of Virginia law, Va. Code § 46.2-357(B)(3), as it applies to federal highways through the Assimilative Crimes Act, 18 U.S.C. § 13 (1982). On appeal, Boyden maintains that the district court erred in denying his motion for judgment of acquittal because the state court order did not formally adjudge him to be an habitual offender and in admitting into evidence Division of Motor Vehicles records to establish he was an habitual offender. Boyden also asserts that the imprisonment and deprivation of driving privileges without a formal finding that he was an habitual offender violates the Due Process Clause. Finding no error, we affirm Boyden's conviction and sentence.

On March 28, 1996, a United States Park Officer stopped a vehicle driven by Boyden after observing erratic driving behavior. Because Boyden maintained that he did not have his driver's license, the officer performed a computer check on Boyden's driving status. Records indicated that Boyden had been declared an habitual offender and was not permitted to operate a motor vehicle in Virginia. The officer then arrested Boyden.

The record discloses that Boyden was first adjudicated an habitual offender in the Circuit Court for the City of Richmond on April 10, 1989. The court accordingly ordered that Boyden not drive or operate a motor vehicle on the highway of the Commonwealth of Virginia for the required amount of time. On April 29, 1992, defendant accompanied by counsel appeared in Page County Circuit Court on another habitual offender charge. At that time, the court entered an order, signed "seen and agreed to" by both Boyden and his attorney, which read, in pertinent part:

> On this 29th day of April, 1992, came again the Attorney for the Commonwealth upon an Information requesting that this Court declare William Wayne Boyden to be an Habitual Offender pursuant to Sections 46.1-387.1 et. seq., or Sec-

2

tions 46.2-351 et. seq. of the Code of Virginia, 1950, as amended, and the defendant, William Wayne Boyden . .. appeared in person, together with his retained counsel . . . and noted his general appearance . . . .

The defendant specifically waived any objection to the venue of this proceeding being in this Court . . . and said defendant filed an Answer admitting the allegations in this Information. The defendant and his counsel further waived any other objections which would be otherwise available to him under the provisions of the Habitual Offender Act, and submitted himself generally to the jurisdiction of this Court to declare him to be an Habitual Offender. The defendant further stipulated that he is the person named in the Information and attached Abstract or Transcript of Convictions filed in this Court, and that there are three or more convictions shown on his record for driving a motor vehicle while his license was suspended or revoked.

The Court . . . having further noted the defendant's waiver of any objection to venue and any other objections to this proceeding which might otherwise be available to him under the Habitual Offender Act, and the Court having further considered the defendant's Answer and stipulation that he is the person named in the Information . . . and that he is an Habitual Offender as defined in Section 46.2-351 of the Code of Virginia, 1950, as amended, accordingly it is

ADJUDGED, ORDERED and DECREED that William Wayne Boyden not drive or operate a motor vehicle on the highways or public roadways of the Commonwealth of Virginia.

On May 24, 1995, Boyden pleaded guilty in the General District Court of Loudon County to yet another charge of operating a motor vehicle after being declared an habitual offender.

At trial on the charge of operating a motor vehicle on March 28, 1996 after having been adjudicated a habitual offender, the Government introduced into evidence a copy of the 1992 order, a Virginia

Uniform Summons indicating Boyden's 1995 conviction as an habitual offender, and a certified copy of his driving record from the Virginia Department of Motor Vehicles ("DMV") reflecting Boyden's status as an habitual offender. The court overruled Boyden's objection to the admission of the DMV records as hearsay and denied Boyden's motion for judgment of acquittal. See Fed. R. Crim. P. 29. The jury convicted Boyden, and he received a sentence of twelve months imprisonment.

Boyden first contends that the court erred in denying his Rule 29 motion for judgment of acquittal on the grounds that the 1992 order failed to formally adjudicate him an habitual offender. In reviewing the denial of a motion for judgment of acquittal, we will sustain the conviction if the evidence, viewed in the light most favorable to the Government, was sufficient for a rational trier of fact to find the essential elements of the offense beyond a reasonable doubt. United States v. Brewer, 1 F.3d 1430, 1437 (4th Cir. 1993). We find sufficient evidence here to sustain Boyden's conviction. The 1992 order explicitly stated that Boyden was present with counsel, that he submitted himself to the jurisdiction of the court to declare him an habitual offender, that he stipulated that he was the person named in the information and attached transcript, and that he stipulated that he was an habitual offender. The court then "ADJUDGED, ORDERED, and DECREED" that Boyden be denied certain privileges upon being adjudicated an habitual offender. Boyden's claim that there was no official adjudication because the order does not expressly state that he was "adjudged, ordered, and decreed" an habitual offender is without merit. Furthermore, given Boyden's record of repeated convictions as an habitual offender and his own stipulations by way of the order, his argument that he was unaware that he had been declared an habitual offender is simply untenable.

Boyden further maintains that the court improperly allowed the DMV records to be introduced into evidence because they were inadmissible hearsay. We review the district court's evidentiary decisions for abuse of discretion. United States v. Hassan El, 5 F.3d 726, 731 (4th Cir. 1993). We find no abuse of discretion in this case because the records in question were self-authenticating under Fed. R. Evid. 902, and admissible under Fed. R. Evid. 803(8).

4

Lastly, Boyden alleges the deprivation of driving privileges and the imposition of a term of imprisonment without a recorded formal finding that he is in fact an habitual offender violated the Due Process Clause. Because we conclude that the 1992 order officially adjudged Boyden an habitual offender, we find no due process violation.

Accordingly, we affirm Boyden's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

5